(134 App. Div. 442.)

## In re SCHEEL.

(Supreme Court, Appellate Division, First Department. November 12, 1909.)

CORPORATIONS (§ 283*)—ELECTIONS—VALIDITY—SUMMARY PROCEEDINGS.

Under General Corporation Law, § 27, now Consol. Laws, c. 23 (Laws 1909, c. 28) § 32, providing that the Supreme Court, on application of any person aggrieved by any corporate election, may determine the validity of the election on affidavits, etc., a petitioner, who shows that he was owner of stock at a time after the election, but fails to show that he owned the stock at the time of the election of which he complains, or that he held the stock as assignee and that the assignor had notice and attended the meeting, is not aggrieved within the statute, and hence not entitled to intervene in a proceeding by another to declare the election invalid.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 283.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Petition by Elise Scheel to intervene in a proceeding instituted to declare invalid an alleged election of directors of the Cottonwood Creek Copper Company. From an order permitting the intervention, the corporation and another appeal. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Lewis H. Saper, for appellants.
Lynn W. Thompson, for respondent.

LAUGHLIN, J. The proceeding in which the petitioner has been permitted to intervene was instituted under the provisions of section 27 of the general corporation law, now section 32 of chapter 23 of the Consolidated Laws (chapter 28 of the Laws of 1909), on the 18th day of January, 1909, by Barnes, who was a stockholder of the Cottonwood Creek Copper Company, a domestic corporation, to annul an election of directors held in the month of October, 1908. The statute under which the proceeding was instituted provides as follows:

"The Supreme Court shall, upon the application of any person or corporation aggrieved by or complaining of any election of any corporation, or any proceeding, act or matter touching the same, upon notice thereof to the adverse party, or to those to be affected thereby, forthwith and in a summary way, hear the affidavits, proofs and allegations of the parties, or otherwise inquire into the matters or causes of complaint, and establish the election or order a new election, or make such order and give such relief as right and justice may require."

The petition, upon which the order from which the appeal was taken was made, was dated and verified the 24th day of July, 1909, and in it the petitioner shows that she was on the date thereof the owner of 20 shares of the capital stock of the corporation. The petitioner does not show when she became a stockholder of the corporation, otherwise than by showing that she was a stockholder on the 24th day of July, 1909. She does not show from whom she obtained her stock, or whether, if she owned it at the time of the alleged election of the directors, she had notice of the meeting, or participated therein, or whether, if she was not the owner, her assignor, if the stock she now holds was then outstanding, had notice and participated in the meeting, or whether the then holder of the stock which she now owns voted on this stock for the directors whose election it is sought to set aside. She does show that certain persons held a pretended meeting at the time for the election of directors, and that perhaps other persons, unknown to her, participated therein; but she does not show that she derived her stock from one or more of them. It is manifest that the statute was not intended to authorize a stockholder to institute a proceeding of this nature, if he was not a stockholder at the time of the alleged election of directors. It is not necessary to decide whether it might be instituted on showing that the person from whom he received his stock could have instituted it; for that is not shown. The provisions of the statute were only intended for the benefit of a person aggrieved by or complaining of an election, or of a proceeding, act, or matter relating to the same.

A stockholder cannot be aggrieved by an election in which neither he nor his assignor had a right to participate. Matter of Application of Syracuse, Chenango & New York R. R. Co. et al., 91 N. Y. 1. It must be shown that he or his assignor was either deprived of that right, or opposed the action taken, or refrained from exercising the right on the assumption that the proceedings would be conducted legally, and, instead of being so conducted, they were taken illegally. We are of opinion, therefore, that the petitioner fails to show either that she was aggrieved by the action taken or that she has a right to complain thereof.

It follows that the order should be reversed, with $10 costs and disbursements, and application denied, with $10 costs. All concur.