BERT R. MITCHELL, Respondent, v. FOREST CITY PRINTING COMPANY, Appellant.

Third Department, May 7, 1919.

**Corporations — action upon promissory notes of corporation — defense — want of consideration — corporation may not defeat its obligations by attack upon its own acts.**

In an action upon promissory notes made and delivered by the defendant corporation to the plaintiff, the defendant claimed that there was no consideration for the notes, and further alleged facts in reference to the internal affairs of the defendant in an effort to show that by reason of the illegality of certain corporate actions in which the plaintiff took part there was no consideration.

*Held*, under the evidence, that the judgment in favor of the plaintiff should be affirmed.

The defendant corporation may not defeat its obligations by an attack upon its own acts. It cannot collaterally determine the legality of its acts done under forms of law for the purpose of defeating its liability upon the notes issued with a full knowledge of all the facts by an officer held out as having authority.

APPEAL by the defendant, Forest City Printing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Tompkins on the 2d day of January, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*E. J. Cook* [*James S. Havens* of counsel], for the appellant.

*Cobb, Cobb, McAllister, Feinberg & Heath* [*A. W. Feinberg* of counsel], for the respondent.

PER CURIAM:

The complaint alleges two causes of actions upon promissory notes, one of them for $1,000 and the other for $1,500. The making and delivery of the notes is admitted, as is the fact that they remain unpaid and are the property of the plaintiff. The answer denies on information and belief that there was any consideration for the notes, and affirmatively that there was

no consideration for the notes. The answer further sets up alleged facts in reference to the internal affairs of the defendant corporation, in an effort to show that by reason of the illegality of certain corporate actions, in which the plaintiff took part, there was no consideration for the issuing of the notes.

The learned trial court in denying defendant's motion for a new trial has stated the facts quite fully, and has reached the conclusion that the jury were justified in finding the facts in favor of the plaintiff; and a careful review of the evidence satisfies us that this result should not be disturbed on this appeal. Whether the meeting at which the salaries of the three principal stockholders were fixed in 1911 was legal or not is not of great importance here; all that was done has been since acted upon by all of the stockholders who have taken any apparent interest in the corporation, and we are clearly of the opinion that the corporation may not defeat its obligations by an attack upon its own acts. In other words, it cannot collaterally determine the legality of its acts done under forms of law, for the purpose of defeating its obligations issued with a full knowledge of all the facts, by an officer held out as having authority to make these notes.

While the facts disclosed were such as to call upon the plaintiff to establish the fairness of his own conduct, there is evidence in the case from which this conclusion may be drawn, and the issue having been presented fairly to the jury there is no reason for holding that the verdict is not supported. The very complete discussion of the question involved by the learned trial court makes it unnecessary to go into the matters involved further; the salaries voted to the principal stockholders, who were the active workers in the conduct of the business, while in words made to the officers, were in fact intended and understood as the compensation to be received for actual work performed, and as all the others appear to have received their compensation, there is no reason why the plaintiff should be denied the amount conceded to have appeared on the books, less a compromise discount.

The judgment and order appealed from should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.