In the Matter of the Petition to Set Aside the Election of Directors of HAMMOND LIGHT AND POWER COMPANY, INC., Held on January 24, 1928, and February 29, 1928, and the Election of Officers of Said Corporation Held on February 29, 1928.

Supreme Court, St. Lawrence County, March 29, 1928.

Corporations — directors and officers — proceeding under General Corporation Law, § 32, to set aside election of directors and officers — election of greater number of directors than authorized by certificate of incorporation is illegal and voidable in proceeding by stockholders who did not take part therein either personally or through their assignors — new election of directors ordered — if no election held appointment of receiver ordered.

An election of five directors of a corporation is illegal and voidable where the certificate of incorporation fixes the number of directors at three and this number has not been increased as provided by statute.   Such an election may be set aside in a proceeding by stockholders, pursuant to section 32 of the General Corporation Law, where said stockholders did not personally or through their assignors participate in the election.

In such a proceeding the failure to include the corporation and one of the directors as parties is cured by stipulation of counsel.

Under section 32 of the General Corporation Law the corporation itself may complain of an illegal election of directors at a directors' meeting.

Since the setting aside of the illegal election of directors leaves but one director of the corporation who is also the vice-president thereof and who is merely a *de facto* director and officer, the order upon this application should provide for a new election of two directors.   If such election is not held forthwith the order should also provide for the appointment of a receiver until such election is held.

PROCEEDING to set aside election of directors.

*Andrew J. Hanmer*, for the petitioners.

*Castile & Fitch* [*J. Sawyer Fitch* of counsel], for the Hammond Light and Power Company, Inc., William C. Williamson, John H. Williamson, H. E. Nelson and G. R. Trerise.

BREWSTER, J.    This is a special proceeding under section 32 of the General Corporation Law, instituted for the purpose of having the elections of directors and officers of the Hammond Light and Power Company, Inc., held on January 24 and February 29, 1928, declared void and set aside; that the offices of all directors and officers of said corporation be declared vacant and a new election of directors appointed and held.

The Hammond Light and Power Company, Inc., is a public service corporation incorporated in 1915, engaged in the business of distributing and selling electricity for light, heat and power purposes in the town of Hammond, St. Lawrence county, N. Y. Its certificate of incorporation fixed the number of its directors at three and this number has never been increased as provided by the statute.    On January 24, 1928, an annual meeting of the stockholders of said corporation was held at which time five directors were elected, viz., William Soper, Grant, W. C. Williamson, Mayer and Dodds.    Thereafter and on said date a meeting of said directors was held at which said Soper was elected president and manager of the corporation, the said Grant's resignation as director was accepted, one Smithers was elected in his place, the said W. C. Williamson was elected vice-president, and one N. W. Soper was elected secretary and treasurer, all for one year.

At the time of these elections none of the petitioners were stockholders of record in said corporation, but it appears that on February 16, 1928, the petitioners became, in the aggregate, stockholders of record of fifty-one per centum of the capital stock of said corporation, having acquired the same from the aforesaid William Soper and N. W. Soper, both of whom had been present at and participated in bringing about the aforesaid election of the five directors at the annual meeting of the stockholders. It also appears that on February 17, 1928, the petitioner Stoughton acquired two additional shares of the capital stock of said corporation but from whom it has not been made to appear.   Neither has it been made to appear whether the former owner. of said two additional shares of· stock was present at or participated in favor of the election of the five directors at the annual meeting of the stockholders.   It next appears that at a meeting of the directors of said corporation held February 29, 1928, the said William Soper stated, in substance, that he had disposed of his entire stock holdings in said corporation and because thereof could hold an office therein no longer and refused to act further as a director or an officer and accordingly *took no part in said meeting*, at which William C. Williamson, vice-president, acted as chairman; that thereupon the said N. W. Soper stated, in substance, that he too had sold all of his stock and interest in the

company and could no longer act as secretary and treasurer thereof; that then the aforesaid Dodds, Smithers and Mayer respectively resigned *seriatim* and as said resignations took place John H. Williamson, H. E. Nelson and G. R. Trerise were, respectively, elected directors in the place of those who resigned; that then the said John H. Williamson was elected president of the corporation and the said G. R. Trerise its secretary and treasurer, respectively, in the place of the two Sopers who had resigned as officers as aforesaid. It thus appears that as a result of the election of directors held at the directors' meeting on February 29, 1928, there was constituted a board of four directors, viz., W. C. Williamson, who had been elected at the annual meeting of the stockholders on January 24, 1928, and John H. Williamson, H. E. Nelson and G. R. Trerise, who were elected, as just stated, to fill the vacancies caused by res:gnations.

Upon the original institution of this proceeding the corporation itself and the aforesaid W. C. Williamson were omitted as parties hereto and the order to show cause was not directed to or served upon them. However, this defect that otherwise would be fatal (*Matter of Keogh, Inc.*, 192 App. Div. 624, 630), I deem cured by the stipulation of counsel for the parties to this proceeding made before me upon the argument and subsequently evidenced and presented to me in writing, whereby said corporation and W. C. Williamson have appeared herein and waived notice of the application made to me for the relief demanded in the petition.

While the election of the five directors at the annual meeting of the stockholders on January 24, 1928, being for a greater number, than was provided for and allowed by the certificate of incorporation, was irregular and is voidable in a proceeding such as this on the application of any person aggrieved thereby (*Mitchell* v. *Forest City Printing Co.*, 107 Misc. 709, 713; affd., 187 App. Div. 743), under the authority of the rule laid down in *Matter of Syracuse, Chenango & N. Y. R. R. Co.* (91 N. Y. 1, 4) and applied in *Matter of Scheel* (134 App. Div. 442, 444), I feel obliged to hold that the petitioners have not established themselves to be in a proper position to complain thereof in this proceeding, in that none of them were stockholders at the time of that election which they seek now to set aside, and in that, in the main, they have, since that election, acquired their stock from the very stockholders who were present at and participated in favor of the irregular and illegal election now sought to be set aside, and further, in so far as the petitioner Stoughton is concerned, because he has wholly failed to establish that the two shares of stock that were transferred to him on the books of the company on February 17, 1928, con-

stitute him a representative of a stockholder or stockholders who did not participate in favor of said irregular and illegal election, or who, having had notice of the election, rema'ned away therefrom upon the assumption that it would be conducted in a regular and legal manner. Accordingly petitioners have wholly failed to present themselves before the court so as to call forth an exercise of the power reposed therein by the statute to have that voidable election declared void.

However, on the authority of *Matter of Ringler & Co.* (204 N. Y. 30) I am convinced that petitioners may attack the validity of the election of directors and officers which occurred at the directors' meeting held on February 29, 1928. There is no gainsaying the premise that the election of directors at the annual meeting of stockholders was irregular and voidable and as such constituted the board of five directors a *de facto* board, and while it may not be declared void at the suit of petitioners for the reasons that have called forth the rules that thus bar their suit in that direction, it seems clear that after they became stockholders of record they may be heard to complain of any subsequent illegal election wherein neither they nor their assignors favorably participated. I am mindful of the dicta in *Matter of Scheel (supra)* that " a stockholder cannot be aggrieved by an election in which neither he nor his assignor had a right to participate," and that, applied literally, this would ever bar a stockholder from complaining of an illegal election of directors at a directors' meeting and accordingly might bar petitioners from attacking the legality of the election of directors at the February 29, 1928, meeting, but *Matter of Ringler & Co. (supra)* holds very pointedly that the Supreme Court has power to inquire into the legality of an election of directors at a directors' meeting. (See p. 41.) This being so, who, then, may be heard to complain of such an illegal election? May not a mere stockholder be a person aggrieved thereby and accordingly entitled to be heard to complain thereof? True, being a mere stockholder he would have no right to participate in the directors' meeting or in an election held thereat, but, if he may not complain, then the result would be that the directors of a corporation who, in a given case, might not own a single share of stock therein, would be given free license to illegally elect others to their board with consequences to the welfare of the corporation too appalling to consider and right and justice set at naught. I am convinced that the court may, at the suit of a stockholder, interpose its power to guard against such suggested kind of corporate legerdemain. It would seem that in a proper case a corporation itself could be heard to complain of an illegal election of directors at a directors' meeting. (*Merchants*

*Loan & Investment Corp.* v. *Abramson,* 214 App. Div. 252, and cases cited, pp. 254, 255.) And, indeed, the statute, section 32, General Corporation Law, contains such express sanction. This thus broadens the dicta in *Matter of Scheel* (*supra*) that the complainant or party aggrieved must be one entitled to have participated in the illegal election.

It is worthy of note that the petitioners' assignors neither took nor attempted any part in the elections of the directors and officers on February 29, 1928, and that they were powerless to have done so for William Soper was not then qualified to act as a director, he not then being a stockholder (Stock Corp. Law, § 55) and there having been no sanction in the certificate of incorporation or the by-laws rendering the inhibition of the statute inoperative, and the other assignor, N. W. Soper, had no status that could have enabled him to participate in the election at the directors' meeting.

Therefore, the election of the new directors and officers of this corporation on February 29, 1928, having been made by mere *de facto* directors and, as to the new directors thus elected, having been for a greater number than was lawfully allowed by the certificate of incorporation, viz., the constitution of a board of four instead of three (*Matter of Ringler & Co., supra,* at pp. 47, 48), and the petitioners, in my judgment, being persons aggrieved thereby and complaining thereof, I am constrained to hold that such election of February 29, 1928, as to the new directors and the president and secretary and treasurer of the corporation elected thereat, was illegal and void and such election should be set aside. This holding leaves then but one director of the corporation, viz., William C. Williamson, who is also the vice-president thereof, and while his election as director and vice-president may not be formally declared void at the suit of the petitioners for the reasons above assigned, nevertheless, because he is a mere *de facto* officer and director and solely may not lawfully function as a board of directors (*Mitchell* v. *Forest City Printing Co., supra,* 714, 715), a new election of two directors must be had and held at a stockholders' meeting, and the order upon this application should so provide. If such new election is not to be held forthwith then, it seems to me, such order should also provide for the appointment of a receiver, with adequate surety, of the assets of said corporation to preserve and protect the same until such ordered election is held and directors and officers duly elected.

To the extent herein indicated, petitioners' application is granted, with costs; in other respects denied, without costs.

Settle order on notice.