Henry Epstein, J.
Plaintiff O’Connor was president of the designated corporate plaintiff and is, ad interim, still acting in said capacity. At the annual meeting of stockholders for election of directors on July 23, 1958, plaintiff and his slate of directors lost and defendants’ slate won. In this action plaintiff seeks a permanent injunction restraining the duly appointed inspectors of election from counting proxies held by the Stockholders’ Protective Committee or a decree voiding the election and directing a new solicitation for such election of directors. The basis for the complaint and the relief sought is alleged *1096 frauds on shareholders said to have been perpetrated by the said committee in soliciting proxies. Unexcelled is a New York corporation with unlisted trading privileges on the American Stock Exchange. There are outstanding 376,398 shares of common and 6,280 shares of preferred stock all having voting rights. The tabulation of votes showed the committee’s candidates for directors to have been elected by a margin of some 30,000 votes. Only after the votes had been tabulated did plaintiff O’Connor bring this action in which a temporary injunction was granted, pending a prompt trial which has now been had, with full opportunity for all proof to be offered. It is the considered opinion of this court that plaintiff has not presented credible proof warranting the court’s intervention to set aside the election of directors and ordering a new election.
Plaintiff became president of Unexcelled in 1953 and the four years since his election cannot be said to have been profitable. At best the corporate operations were unstable and serious differences arose between O’Connor and other directors and substantial stockholders. Defendant Fergang and other stockholders had to resort to court proceedings to obtain a list of stockholders when the meeting for election of directors for 1958 was announced. The list was obtained on July 15, 1958 and on the same day the management through O’Connor sent a letter to stockholders referring to the opposition as a “ raid by Wall Street ”. There followed a bitter battle of letters to stockholders, each side berating the other. In stockholders’ battles for corporate controls this is not unusual or unexpected. Be it noted that in this case the notices and proceedings were not subject to Securities Exchange Commission Regulations. But even accepting such standards, the communications here do not vary substantially from other proxy battles under S. E. C. Regulations. In this battle particularly, each side presented forcefully its claims and vented its wrath on the opposition in quick and successive circularization, beginning with management on July 15, 1958 and followed by each on other days until the actual meeting of stockholders on July 23, 1958. Not until after the vote had been canvassed by the inspectors of election was the charge of “fraud” issued by losing management. Understandably plaintiff O’Connor, with 40,000 shares of his own, was sorely disappointed in the result. This does not, however, in the court’s view, warrant the burden of a new election and its added cost to stockholders, with the advantage, as always, to the group in corporate control — the losing management in this case.
*1097 Plaintiff here sought to prove its case mainly by the testimony of adverse witnesses and undisputed printed and written instruments. In that the plaintiff has failed completely to meet the necessary burden of proof by credible evidence. The chief complainant and president of Unexcelled was not called as a witness. An adjournment of some three weeks was granted to plaintiffs to permit the appearance and examination of Bichard Pistell, an adverse witness, who was in Africa when the case came on for trial. His testimony, when elicited on the witness stand, made defendants’ case stronger. Every attempt had been made to adjust differences between the O’Connor management group and the opposing interests, to the very eve of the stockholders’ meeting. O’Connor refused to budge from his position of complete control. His stubbornness has led to his defeat and his attempt to escape the result of his loss of control by the cry of fraud does not find adequate support in the credible proof and testimony. O’Connor himself did not take the stand in his own behalf, nor was any satisfactory reason, or in fact any reason offered, for his failure to be called. The fact that “ professional ” help was employed to solicit proxy ballots from a widely scattered body of stockholders, or that groups of stockholders were represented by brokerage houses — these are not unknown in this day and age in such corporate warfare. The ‘ ‘ interpretation ’ ’ of facts revealed in annual reports and corporate minutes, however adverse by the contesting parties, does not in this case warrant upsetting the election. The stockholders were quite fully informed by the bitter correspondence battle for proxy votes. Neither party has any just complaint against the results as tabulated.
While it may seriously be questioned whether the naming of the corporation as a party plaintiff with O’Connor was proper (see Matter of Keogh, 192 App. Div. 624, 630; Matter of Hammond Light & Power Co., 131 Misc. 747, 749, affd. 224 App. Div. 684; General Corporation Law, § 25) this court has preferred to base its decision on the merits of the underlying controversy. The test applied by former Judge Bifkind of the United States District Court in Securities & Exch. Comm. v. Okin (48 F. Supp. 928, 930, mod. 137 F. 2d 862) would seem to fit the instant case. A study of the following cases, relied upon by plaintiffs, reveals clear and distinguishing facts which do not warrant their consideration as authority for the relief here sought by plaintiffs (Securities & Exch. Comm. v. May, 134 F. Supp. 247, affd. 229 F. 2d 123; Matter of Hoe & Co., 14 Misc 2d 500, affd. 285 App. Div. 927, affd. 309 N. Y. 719; Matter of Scheuer, 59 N. Y. S. 2d 500).
*1098 Counsel for plaintiffs have handed to the court the opinion of the United States District Court, Southern District of New York, by Bicks, J., in Central Foundry Co. v. Gondelman, dated August 15, 1958, as authority for the relief here sought. Careful study reveals that the Foundry case is no authority for the relief sought on the facts herein. Observe the following, distinctions: In the said case a one-man committee chose the nominees and bore all the expenses with no thought or agreement on sharing or recovering said expenses. There also S. E. C. Regulations governed. There the fight was between two personalities rather than a general discontent with management. There a questionable character, a twice-disbarred lawyer, was seeking control, a fact not disclosed in stockholder proxy solicitation. There the action to enjoin the voting of the committee stock was initiated before the meeting itself. No parallel to any of these specifics exists in the instant case. Nor do the facts in Matter of Wyatt v. Armstrong (186 Misc. 216) or the language of the opinion therein lend themselves to analysis when applied to the instant facts. Nor was the decision of this court in Juster v. Morrison (N. Y. L. J., Aug. 6, 1956, p. 3, col. 6) anything like the instant case because there the actual tally was in serious doubt. Here plaintiffs’ own tellers have certified the tally and it is undisputed.
Plaintiffs’ motion for judgment is denied and the temporary restraint is hereby vacated. Defendants’ motion for judgment dismissing the complaint as amended at the trial is granted. Complaint dismissed. Judgment shall include provision directing the formal recognition of directors elected at the stockholders’ meeting of July 23, 1958.