Whiliam C. Hecht, Jr., J.
Under general law, a provision as to the number of directors necessary to constitute a quorum is interpreted as meaning a majority of the entire number pre *675 scribed for the membership of the board, regardless of the existence of vacancies. (Freidus v. Kaufman, 35 N. J. Super. 601, affd. 36 N. J. Super. 321; Erie R. R. Co. v. City of Buffalo, 180 N. Y. 192; Mitchell v. Forest City Print. Co., 187 App. Div. 743; 2 Fletcher, Cyclopedia Corporations [Perm, ed.], § 421, p. 276; Ballantine, Corporations [1946 ed.], p. 130.)
The by-law here involved (art. II, § 5) contains no contrary provision. After providing that “ The number of directors shall be four ”, the by-law, in the very next sentence, states that “ A majority of the directors shall constitute a quorum for the transaction of business ’ ’. This sentence clearly refers to the four directors prescribed in the preceding sentence and negatives any thought that a majority of less than the four directors shall be sufficient. The fact that other provisions of the by-laws dealing with the number of directors whose vote is necessary to remove an officer or to amend the by-laws, refer to a specified percentage “ of the whole Board of Directors ” does not necessarily indicate that section 5 of article II intended that a quorum be less than a majority of the entire membership of the board. The provisions referred to do not relate to the question of the number of directors necessary to constitute a quorum and are, therefore, not within the general rule referred to at the outset of this opinion. In view of this, the drafters of the by-laws apparently felt it to be necessary, in order to avoid doubt, to specifically require the vote of a percentage of the “whole Board of Directors ” in dealing with the number of votes required for certain purposes. In any event, the wording of section 5 of article II is such as to make it clear that the “majority of directors” referred to in the second sentence relates to the number of directors referred to in the first sentence immediately preceding, namely, the entire membership of four. The court accordingly holds that a majority of four directors was necessary to constitute a quorum for any business transacted by the directors.
After the resignation of Miss Lee, only two directors remained at the March 6 meeting. They constitute less than a quorum and, therefore, their action in electing Hemphill as a director was void.
Respondents urge that petitioner Meacham is estopped from attacking Hemphill’s election because she deliberately refrained from attending the meeting of March 6.
Such a holding would emasculate the by-law provision requiring three directors in order to constitute a quorum. Two directors or even one director would be able to transact business unless the absence of the other one or two, as the case may be, was not deliberate. The by-law contains no such qualification.
*676 Respondents urge that the Hatter of Keogh, Inc. (192 App. Div. 624) is an authority for the estoppel claimed by them. That case was decided by a closely divided court and its reasoning is difficult to follow. The language in the cases relied upon in the opinion was used in connection with wholly different types of situations. One of the other cases cited by respondents, Hexter v. Columbia Baking Co. (16 Del. Ch. 263) contains language to the contrary (p. 267): “ It is true that where a by-law requires a certain number to be present to constitute ‘ a quorum at all meetings, ’ as here, the meeting cannot proceed unless a quorum is present. Mere abstention from the meeting in a sufficient number will prevent its existence, except perhaps for adjournment purposes ”. At pages 267 to 268 the court added: “ It is true as before stated that corporations may impose upon their stockholders’ meetings the restriction that a majority must be present to constitute a quorum and thereby put it in the power of absentees to defeat the meeting. There %uould seem to be no escape from that rule ”. (Italics supplied.)
It is unnecessary, however, to decide whether petitioner Meacham is estopped, for the copetitioner, 'Gearing, a very substantial stockholder, did nothing which could estop her from insisting that if the remaining directors chose to fill a vacancy in the board, they could not do so unless the by-law provision requiring three directors to constitute a quorum, was complied with. As a stockholder she is vitally interested in the identity of the directors of her corporation and is aggrieved if a director is selected in violation of the by-laws. She is a person entitled to invoke section 25 of the General Corporation Law which permits any member aggrieved to apply to set aside an invalid election. A stockholder is certainly more aggrieved by an invalid election of a director by some of the remaining directors than is a member of the existing board.
As the petition of Gearing must therefore be granted and the election set aside, the question of whether Meacham is estopped is academic.
The motion is granted to the extent of setting aside Hemp-hill’s election and otherwise denied. If respondents desire that a new election be had they may call a new directors ’ meeting for that purpose or await the next annual meeting of the stockholders. The probability that a new directors’ meeting and the annual election might result in a deadlock and that no action by the board of directors will be possible if that occurs, is insufficient basis for disregarding the by-law provisions. Remedies are provided in cases where corporate action is paralyzed by *677 deadlocks. In this connection it should be pointed out,.that the reply affidavit of petitioners states that ‘ ‘ Petitioners are prepared to stipulate for specific agendas at special meetings of the Board of Directors to permit proper action which may well be necessary for the well-being of the corporation ”. It is basically the election of a director to fill the vacancy which petitioners resist because it will vest complete control of the corporation in respondents, Joseph A. Kelly and Joseph A. Kelly, Jr.