Leonard M. KEATING et ux., Appellants,

v.

K–C–K CORPORATION et al., Appellees.

No. 14394.

Court of Civil Appeals of Texas.

Houston.

Oct. 8, 1964.

Leonard Rosenberg; M. Michael Gordon, Houston, for appellants.

Walton & Brochstein, Fred W. Hofstetter, Harry Brochstein, Houston, for appellees.

COLEMAN, Justice.

This suit grew out of a contest for the management of a closely held corporation. The principal question involved is whether

the stockholders elected three, or whether they elected four, directors at the stockholders meeting held June 14, 1963.

Article 2.23, Business Corporation Act, Vol. 3A, Vernon's Ann.Tex.Civ.St., provides:

"The initial bylaws of a corporation shall be adopted by its board of directors. The power to alter, amend, or repeal the bylaws or to adopt new bylaws shall be vested in the shareholders, but such power may be delegated by the shareholders to the board of directors. The bylaws may contain any provisions for the regulation and management of the affairs of the corporation not inconsistent with law or the articles of incorporation."

The corporate charter provides:

### ARTICLE VII.

"The number of directors of the Corporation may be fixed by the bylaws, but shall not be less than three (3), * * *."

### ARTICLE IX.

"The board of directors is expressly authorized to make, alter, or amend the by-laws of this Corporation or to adopt by-laws."

Article 2.28, Business Corporation Act, Vol. 3A, V.A.T.S., provides:

"Unless otherwise provided in the articles of incorporation, the holders of a majority of the shares entitled to vote, represented in person or by proxy, shall constitute a quorum at a meeting of shareholders, but in no event shall a quorum consist of the holders of less than one-third (1/3) of the shares entitled to vote and thus represented at such meeting. The vote of the holders of a majority of the shares entitled to vote and thus represented at a meeting at which a quorum is present shall be the act of the shareholders' meeting, unless the vote of a greater number is required by law, the articles of incorporation or bylaws."

The by-laws adopted by the original directors of the Corporation have never been changed by formal action of the directors or the shareholders. Article VII of these by-laws. reads, in part, as follows:

"The power to alter, amend, or repeal the by-laws or to adopt new by-laws, is reserved to the shareholders, the affirmative vote of not less than the holders of three-fourths (3/4th) in number of the total number of shares issued and outstanding being necessary to exercise such reserved power. * * *"

It is not denied that three directors were elected in 1957 and 1958. In 1959, 1960, 1961 and 1962 four directors were elected. At the meeting in June, 1963, a motion was made that three directors be elected. This motion carried by a majority vote, but not by the 3/4th majority required by the by-law. The motion, if it be considered an amendment to the by-laws, failed unless the requirement of a 3/4th majority is invalid as being inconsistent with the provision of Art. 2.23, supra.

■ Article IX of the Corporate Charter is inconsistent with the Article 2.23 of the Business Corporation Act, and must be considered surplusage, since the power to delegate to the board of directors authority to alter or amend the by-laws is given to the shareholders by the Act, and the Corporate Charter may not contain any provision inconsistent with the provisions of the Business Corporation Act. Art. 3.02(9), Business Corporation Act, Vol. 3A, V.A.T.S.

■ The question arises, therefore, whether the board of directors, in the exercise of their statutory power to enact the initial by-laws, may restrict the power of the shareholders to amend these by-laws by requiring a greater vote than a simple majority.

Art. 2.28 of the Business Corporation Act answers this question. A by-law requiring more than a simple majority for stockholder action is clearly authorized. The by-law with which we are concerned is not inconsistent with the law of this State.

It is appellants' contention that the by-law under discussion has been amended, so that the number of directors is now four, by acts and conduct of the shareholders and directors. The minutes of the stockholders meetings, as well as the undisputed testimony of witnesses, establish that for the four years preceding the meeting in question four directors were elected. While there is a question raised as to whether it was intended that one of the directors elected would exercise the power and authority of a director, there is no evidence that she was not in fact elected as recited in the minutes of the shareholders meeting.

In answer to special issues the jury found that the shareholders did not amend the by-laws of the Corporation by electing four directors for the years 1959, 1960, 1961 and 1962. According to the evidence four directors were elected. Either all of them were directors or none of them were. The minutes reflect that the directors were elected in 1959 by a "motion, duly made and seconded." The minutes also reflect that all of the stockholders were present. The minutes of the meetings held in 1960, 1961 and 1962 reflect that the owners of 100% of the stock outstanding were present at the meetings; that four persons were nominated as directors and that "all votes cast were for said nominees, and they were declared duly elected."

Art. 2.32 of the Business Corporation Act requires that the number of directors be fixed by the by-laws of the corporation and that the number may be increased or decreased from time to time by amendment of the by-laws. The action of the stockholders in electing four directors must be viewed with this provision of the law in mind. It is also significant that all of the stockholders were directors and active in the management of the Corporation prior to 1959 and thereafter, and that there is no evidence that anyone objected to the election of a four-member board of directors prior to the present controversy.

■ Where by statute, or by charter provision, certain formal procedures are prescribed for the enactment, or amendment, of by-laws they must be substantially followed, but since both the charter and the Texas Business Corporation Act are silent as to the formalities to be observed, no particular mode of enactment or formality is necessary. Under such circumstances, it is a general rule that by-laws may be adopted, or amended, orally or by acts evidenced by a uniform course of proceeding, or usage and acquiescence. Schutze v. Austin Saengerrunde, Tex.Civ.App., 244 S.W.2d 341, ref., n. r. e.; Dixie Glass Co. v. Pollak, Tex. Civ.App., 341 S.W.2d 530, 91 A.L.R.2d 662, ref., n. r. e., 162 Tex. 440, 347 S.W.2d 596; Realty Acceptance Corporation v. Montgomery, 3rd Cir., 51 F.2d 636; Huxtable v. Berg, 98 Wash. 616, 168 P. 187; Buck v. Troy Aqueduct Co., 76 Vt. 75, 56 A. 285; 18 C.J.S. Corporations § 187.

■ The special issues asking whether the action of the shareholders and directors in electing four directors amended the by-laws were improperly submitted to the jury, and the answers made thereto should have been disregarded by the court. The facts bearing on this question were undisputed and it must be held as a matter of law that the by-law was amended so as to provide for a board of four directors.

Since the stockholders meeting of June 14, 1963, there has been no meeting of the board of directors of the Corporation at which a quorum of the membership was present. As a consequence new officers have not been elected. Appellant is entitled to retain his offices in the Corporation until his successor is duly elected.

Under our disposition of this case, it is not necessary to determine what appellant's contractual rights, if any, are. Because of

his official position in the Corporation prior to the action of the shareholders in 1963, the judgment of the trial court enjoining appellants from performing the duties of their offices and appellant, Mrs. Leonard M. Keating, from assuming the office and duties of a director, is erroneous. If appellant, Leonard M. Keating, has contractual rights, the Corporation, acting through a legally constituted board of directors, has not infringed upon them.

The jury found that there was no agreement between the shareholders and directors of K-C-K Corporation that Leonard M. Keating would be Chief Operating Officer and have sole authority and responsibility for all financial dealings of the Corporation. This finding is supported by the evidence and is not contrary to the great weight and preponderance of the evidence. There was evidence that the agreement relied on by Keating related only to the management of finances.

The judgment of the trial court is reversed, the injunction is ordered dissolved, and this case is remanded to the trial court.