Irving H. Saypol, J.
Petitioners seek a judgment declaring the election of directors, on December 28, 1972, and the election of officers, on February 6, 1973, of the Hellenic Cultural 'Circle, Inc. (“Hellenic”) to be illegal and of no effect. This application is predicated upon the grounds that the certificate of incorporation of Hellenic, filed on February 3, 1958, provides ■that there “ shall be not less than five nor more than ten ” directors of the corporation, and on December 28,1972,14 directors were elected. This however was not the first time that 14 directors of Hellenic had been elected. Since June, 1962 when the corporation’s by-laws were adopted providing for ■the election of a board of directors of 14, 7 male and 7 female, there have been more than 10 directors of Hellenic.
While the by-laws of a corporation must generally give way ■to the paramount authority of its certificate of incorporation, an election of an excessive number of directors is only an irregularity, which is voidable, at the discretion of the court after consideration of all relevant circumstances. (Matter *676 of Hammond Light & Power Co., 131 Misc. 747, affd. 224 App. Div. 684; Mitchell v. Forest City Print. Co., 107 Misc. 709, affd. 187 Ápp. Div. 743; Matter of Multifade Corp. of Amer., 97 N. Y. S. 2d 609). Under thejse circumstances it was improper for the individual petitioner unilaterally to declare the elections of December 28, 1972 invalid, and purportedly to conduct new elections of directors on February 10, 1973 and new elections of officers on February 12, 1973.
If the individual petitioner doubted the propriety of the December 28, 1972 elections, her proper remedy would have been to petition the court concerning the - issue, rather than attempt to supplant the directors of December 28, 1972 through divisive and unauthorized methods. In any event it appears •that the individual petitioner herself participated in the December 28, 1972 election, and previous elections -of more than 10 directors, and she is not in a proper standing to complain in this proceeding (Matter of Hammond Light & Power Co., 131 Misc. 747, affd. 224 App. Div. 684, supra).
Accordingly the directors elected on December 28, 1972 and the officers elected February 6, 1973, may duly complete their terms of office as provided in the corporation’s by-laws, after which new elections for directors shall be held at which 10 such directors shall be elected, in a manner consistent with Hellenic’s certificate of incorporation. Predicated upon the foregoing, the purported elections of directors on February 10, 1973 and of officers on February 12, 1973 are declared a nullity, and the petitioners’ application is, denied and the petition is dismissed.