■ I. J. LAUER et al., Appellants, v JACK C. SCHOENHOLTZ et al., Respondents. — In a shareholder derivative action, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Jiudice, J.), entered November 28, 1983, as (1) granted that branch of the motion of defendant Rye Psychiatric Hospital Center, Inc., which sought dismissal of the first and second causes of action of plaintiffs' amended verified complaint as against it, (2) granted that branch of the motion of defendants Leonard J. Essman, M.D., and Salvatore J. Pagliaro, M.D., which sought dismissal of the first and second causes of action of plaintiffs' amended verified complaint as against them, (3) granted those branches of those motions which sought dismissal of plaintiffs' third cause of action, and (4) denied plaintiffs' cross motion to serve a second amended complaint without prejudice to renewal upon submission of an affidavit by a party having personal knowledge of the pertinent facts of the case.

Order modified, by denying that branch of the motion of defendant Rye Psychiatric Hospital Center, Inc., which sought dismissal of the first and second causes of action of plaintiffs' amended verified complaint as against it, and reinstating those causes of action as against it. As so modified, order affirmed insofar as appealed from, without costs or disbursements.

The three plaintiffs and defendants Schoenholtz, Essman and Pagliaro each own one sixth of the voting shares of Rye Psychiatric Hospital Center, Inc., and constitute its Board of Directors, which has been deadlocked over a lengthy period of time (see *Matter of Rye Psychiatric Hosp. Center v Schoenholtz,* 101 AD2d 309). Under the circumstances of this case, the allegations lodged in the amended verified complaint against defendants Essman and Pagliaro, albeit insufficient to state a cause of action for breach of their fiduciary duties as corporate directors, are sufficient to show such bias and antagonism on their part as would render futile any demand by plaintiffs on the board to take corrective action regarding defendant Schoenholtz's alleged misconduct. Liberally construed, plaintiffs' amended verified complaint satisfied the requirement of subdivision (c) of section 626 of the Business Corporation Law in that it "set forth with particularity the efforts of the plaintiff to secure the initiation of [an] action [to procure a judgment in the corporation's favor] by the board or the reasons for not making such effort". Therefore, Special Term erred in granting that branch of Rye Psychiatric Hospital Center, Inc.'s motion which sought dismissal of the first and second causes of action of plaintiffs' amended verified complaint as against it, which was made solely on the ground that plaintiffs failed to comply with that statutory provision.

We have considered plaintiffs' remaining contentions, and find them to be without merit. Rubin, J. P., Boyers, Lawrence and Eiber, JJ., concur.