RYE PSYCHIATRIC HOSPITAL CENTER, INC., Respondent, v DAVID E. DONIGER et al., Appellants.

This action, which seeks to surcharge the defendants, who constitute three of the six directors of the plaintiff corporation, for alleged breaches of their fiduciary duties, is but one of

several legal proceedings arising out of a deadlock among the six equal voting shareholders of plaintiff corporation who also constitute its board of directors (*see, Lauer v Schoenholtz,* 106 AD2d 551, 552; *Matter of Rye Psychiatric Hosp. Center v Schoenholtz,* 101 AD2d 309, *appeal dismissed* 63 NY2d 728). The instant appeal concerns two motions by defendants seeking, *inter alia,* to stay the within action pending resolution of an action in Federal court charging the same defendants with breach of their fiduciary duties in their role as trustees, custodians and managers of the corporation's retirement plans. Defendants also sought to consolidate discovery proceedings in this action with discovery proceedings in two other actions pending in Supreme Court, Westchester County — a shareholders' derivative action in which defendants herein are plaintiffs and an action seeking to remove defendants as directors of the plaintiff corporation — and for an order of consolidation of the three actions. Special Term denied the request for a stay, as well as the request for consolidation of discovery.

We conclude that, under the circumstances here present, Special Term did not abuse its discretion, either in refusing to stay the instant action or in refusing to direct joint discovery with the other two State court actions. Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.