■ BANK OF NEW YORK, Appellant, v HAROLD LEVY, as Executor of WERNER NATHAN, Deceased, Respondent.—In an action to recover an amount due on a promissory note, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Burchell, J.), entered September 19, 1985, as (1) granted that branch of the defendant's motion which was for a stay of the proceedings until final resolution of an action between the parties currently pending before the United States District Court for the Southern District of New York, and (2) denied the plaintiff's cross motion for summary judgment.

Order modified by adding thereto a provision that that branch of the defendant's motion which was for a stay of all proceedings is granted upon a condition that the defendant file in the office of the Clerk of the Supreme Court, Westchester County, an undertaking, with corporate surety, in the sum of $35,000. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The defendant's time to file the undertaking is extended until five days after service upon him of a copy of the order to be made hereon, with notice of entry.

It is clear from reviewing the record that factual issues exist which preclude granting summary judgment. Moreover, Special Term did not err in staying this action until final resolution of the action between the parties which is pending in Federal court.

The plaintiff seeks to recover the balance due on a loan it made to the defendant's decedent in 1978 which was guaranteed by Stephen A. Mishkin. Mr. Mishkin and the plaintiff are among the defendants named in a Federal class action suit alleging massive securities and other fraud and a pattern of racketeering activity which defrauded hundreds of investors including the defendant's decedent. In view of the fact that resolution of the Federal suit may encompass the plaintiff's claim herein and in view of the identity of parties and issues in both cases, it was appropriate for Special Term to stay the proceeding before it, pending the outcome of the Federal class action suit *(see,* CPLR 2201; *Reliance Ins. Co. v Tiger Intl.,* 91 AD2d 925). Nevertheless, requiring the defendant to post an undertaking will serve to protect the plaintiff's right of recovery on the note in the event this claim is not disposed of in the Federal suit. Thompson, J. P., Niehoff, Eiber and Spatt, JJ., concur.