SECOND DEPARTMENT, JANUARY, 1988

(January 11, 1988)

■ ARTHUR DeSIERVI, Appellant, v RAYMOND P. LIVERZANI et al., Defendants, and PETER L. CAVALIER, Respondent.—In an action to declare the assignment of a mortgage null and void, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered June 10, 1987, which granted the defendant Peter L. Cavalier's motion to stay the action pending the resolution of a criminal prosecution against him.

Ordered that the order is affirmed, with costs.

The plaintiff contends that the defendant Peter L. Cavalier, his former attorney, caused a forged assignment of a mortgage

to be recorded which assigned two thirds of his interest therein to his former attorney's wife and to his accountant. As a result of the plaintiff's allegation, Mr. Cavalier has been indicted on charges relating to the forgery. Mr. Cavalier moved to stay the proceeding pending the completion of the criminal prosecution.

We find that the Supreme Court did not abuse its discretion in staying the action pending the resolution of the criminal proceeding (CPLR 2201; *Bank of New York v Levy,* 123 AD2d 589; *Rye Psychiatric Hosp. Center v Doniger,* 110 AD2d 695, *lv dismissed* 65 NY2d 603, 784). Although the pendency of a criminal proceeding does not give rise to an absolute right under the United States or New York State Constitutions to a stay of a related civil proceeding *(United States v Kordel,* 397 US 1; *Langemyr v Campbell,* 21 NY2d 796, *remittitur amended* 21 NY2d 969, *rearg denied* 21 NY2d 1040, *cert denied* 393 US 934), it has also been held that "[t]here is no question but that the court may exercise its discretion to stay proceedings in a civil action until a related criminal dispute is resolved. *See, e.g., United States v. Kordel [supra]; DeVita v. Sills,* 422 F.2d 1172" *(Klitzman, Klitzman & Gallagher v Krut,* 591 F Supp 258, 269-270, n 7, *affd* 744 F2d 955).

While the stay of the instant action pending the resolution of the criminal prosecution may cause inconvenience and delay to the plaintiff, the protection of Mr. Cavalier's constitutional right against self-incrimination is the more important consideration *(see, Dienstag v Bronsen,* 49 FRD 327). Moreover, a prior determination of the criminal action could possibly have collateral estoppel effect in the subsequent civil case and could well serve to reduce the scope of discovery and to simplify the issues therein *(see, Merchants Mut. Ins. Co. v Arzillo,* 98 AD2d 495; *Texaco, Inc. v Borda,* 383 F2d 607; *Clark v United States,* 481 F Supp 1086, *appeal dismissed* 624 F2d 3).* In addition, plaintiff has not shown that he will be prejudiced by the stay, particularly in view of the fact that the Supreme Court has stated that it will review the status of the criminal case periodically. Mangano, J. P., Brown, Lawrence and Sullivan, JJ., concur.