■ RENATO ZONGHETTI et al., Individually and Doing Business as FREDERICK REALTY COMPANY, Respondents-Appellants, v ALICE JEROMACK et al., Appellants-Respondents.—In an action to recover damages, inter alia, for conversion, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated March 14, 1988, as (1) granted the plaintiffs' motion pursuant to CPLR 6301 for a preliminary injunction enjoining the defendants, with certain exceptions, from selling, transferring, assigning, disposing, encumbering or removing any of the defendants' assets pending completion of this action, and (2) granted the plaintiffs' motion pursuant to CPLR 2201 for a stay of this action and all discovery, pending the completion of a criminal action against the defendant Alice Jeromack. The plaintiffs cross-appeal from so much of the same order as required them to post a $740,000 undertaking as a condition to obtaining injunctive relief.

Ordered that the order is modified by reducing the amount of the undertaking from $740,000 to $100,000; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs commenced suit against the defendants, alleging that the defendant Alice Jeromack—formerly a bookkeeper for the plaintiffs—converted sums in excess of $740,000 by making unauthorized withdrawals from checking accounts so as to purchase various luxury goods. Shortly after the commencement of the plaintiffs' lawsuit, the Nassau County District Attorney issued a felony complaint charging Alice Jeromack with two counts of grand larceny in the second degree.

By order to show cause dated February 22, 1988, the plaintiffs brought on a motion to enjoin the defendants from disposing or transferring any of their assets pending completion of the civil action, and staying the civil action pending the completion of the related criminal action.

In support of their motion, the plaintiffs annexed the affidavit of the plaintiff Renato Zonghetti, who averred, inter alia,

that the defendant Alice Jeromack had made the unauthorized withdrawals from the plaintiffs' checking account to purchase "luxury" items such as furs and jewelry. Annexed as an exhibit to the Zonghetti affidavit were four sales receipts from a jeweler bearing the defendants' names. With regard to the injunction prohibiting the defendants from transferring or dissipating any of their assets, the plaintiffs alleged that the defendants were attempting to dispose of some of the luxury items by selling them back to the merchants from whom they were purchased. The plaintiffs further argued that the court should stay their civil action, including any discovery, because, *inter alia,* it was their "intention not to take any action whatsoever which may somehow interfere with the pending criminal charges" and that to permit both civil and criminal matters to continue simultaneously would be to unnecessarily complicate both proceedings.

By order dated March 14, 1988, the Supreme Court, Nassau County, granted the plaintiffs' motion for an injunction and a stay of the civil action. With regard to the injunction, the court ruled that the defendants' expenditures for "necessaries" would be exempted from the injunction "provided that plaintiffs' attorney is supplied with an ongoing and current list of such transactions within ten (10) days of their occurrence".

We conclude that the plaintiffs have discharged their burden of proving: (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of a preliminary injunction, and (3) that a balancing of the equities favors their position *(see, Robjudi Corp. v Quality Controlled Prods.,* 111 AD2d 156, 157). The plaintiffs' application, which recounted the purchase of various luxury items by the defendants and their alleged attempt to resell them—when considered in conjunction with other relevant factors disclosed by the parties' affidavits—supports the plaintiffs' contention that the uncontrolled sale and disposition by the defendants of their assets would threaten to render ineffectual any judgment which the plaintiffs might obtain (CPLR 6301). Given "the underlying realities of this particular situation" *(Robjudi Corp. v Quality Controlled Prods., supra,* at 157), we find the status quo is best preserved by the granting of the preliminary injunction. We note, moreover, that the provision in the order appealed from exempting certain funds for the defendants' necessaries further narrows the scope of relief so as to serve the interest of justice and further tips the balance of the equities in the plaintiffs' favor.

Further, we reject the defendants' contention that the court improvidently exercised its discretion in granting a stay of the civil action pending completion of the related criminal action. It is well settled that a court has broad discretion to grant a stay in order to avoid the risk of inconsistent adjudications, application of proof and potential waste of judicial resources (see, e.g., El Greco Inc. v Cohn, 139 AD2d 615). The circumstances presented herein provide no cause for us to set aside the court's exercise of discretion in granting the stay.

However, our review of the record discloses that the court improvidently exercised its discretion in requiring the plaintiffs to post a $740,000 undertaking as a prerequisite to the granting of injunctive relief. We conclude that the posting of an undertaking in the amount of $100,000 is appropriate under the circumstances. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.