(January 10, 1991)

■ In the Matter of BENJAMIN KOPF, Respondent. DOUBLEKAY CONTRACTING CORP. et al., Appellants; UNITED STATES OF AMERICA, Appellant-Respondent.—Order, Supreme Court, Bronx County (Lawrence N. Martin, J.H.O.), entered May 9, 1990, which, *inter alia,* denied a motion by respondent pursuant to CPLR 2201 for a stay of the underlying valuation proceeding and related arbitration proceeding pending a Federal criminal investigation, and which denied a motion by the United States of America to intervene and to stay the same proceedings, unanimously modified, on the law and the facts and in the exercise of discretion, the motion to intervene granted and, except as so modified, affirmed, without costs.

On or about March 6, 1989, petitioner Benjamin Kopf, a former officer and director and 50% shareholder of respondent corporations, which comprise a large general contracting business in Bronx County, commenced the underlying judicial

dissolution proceeding pursuant to Business Corporation Law §§ 1104 and 1104-a. The petition asserts, *inter alia,* that petitioner was oppressed as a minority shareholder and that the July 1988 transfer of 12% of his shares in the corporate respondents to two minority shareholders, Valerio Bonanno and Steven Krebs, was obtained by fraud and duress. On March 15, 1989, the corporate respondents exercised their right of election under Business Corporation Law § 1118 to buy out petitioner's interest in the respondent corporations for fair value. Subsequently, by consent of the parties, the matter was referred to Judicial Hearing Officer Lawrence Martin to determine and fix the value of petitioner's shares. The Hearing Officer directed respondents to post security for the buyout election and determined the petitioner's challenge to the transfer of his shares must be submitted to arbitration.

In the interim, the United States commenced a criminal investigation of alleged wide-ranging violations of Federal criminal statutes by, among others, petitioner and the shareholders of the parties to the civil proceeding. The United States then moved to intervene in the underlying civil proceeding and joined with the corporate respondents in seeking an indeterminate stay of the valuation hearing and related arbitration proceeding pending disposition of the criminal investigation.

Upon review of the record, we find that the IAS court erred in determining that the Government had not established its absolute right to intervene in the underlying civil proceedings pursuant to CPLR 1012 (a) (2). The contention that the Government has a unique interest in protecting the integrity of ongoing Grand Jury proceedings constitutes the compelling public interest required for intervention as of right *(Cascade Natural Gas v El Paso Natural Gas,* 386 US 129).

We find, however, that the IAS court properly denied the requested stay. It is well settled that a motion pursuant to CPLR 2201 seeking to stay a civil action pending resolution of a related criminal action is directed to the sound discretion of the trial court *(Bank of N. Y. v Levy,* 123 AD2d 589), which is not, however, obliged to stay the civil proceedings even where the parties have invoked their Fifth Amendment privilege against self-incrimination *(Stuart v Tomasino,* 148 AD2d 370, 373). The Government and the corporate respondents have failed to demonstrate that permitting the valuation hearing and related arbitration to proceed would jeopardize the ongoing criminal investigation. Concur—Murphy, P. J., Kassal, Ellerin and Rubin, JJ.