■ JOSEPH BRITT, Respondent, v INTERNATIONAL BUS SERVICES, INC., et al., Appellants. [679 NYS2d 616] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about March 2, 1998, which denied defendants' motion, pursuant to CPLR 2201, for a stay of this action pending resolution of a criminal action in New Jersey against defendant Benoit, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and defendants' motion granted.

At approximately 5:20 A.M., on March 2, 1996, plaintiff, along with approximately 30 or more other passengers, was seriously injured when their tour bus, driven by defendant Benoit in a snowstorm, went out of control, struck a guardrail, and overturned on the northbound lane of the Garden State Parkway in New Jersey.

On or about July 3, 1997, the Middlesex County Prosecutor's Office in New Jersey obtained an indictment against Benoit for one count of vehicular homicide and four counts of assault by auto. None of the four counts for assault are related to plaintiff. Benoit pleaded not guilty on August 15, 1997. Benoit is also a defendant in a Municipal Court action in Old Bridge Township, New Jersey, arising out of the same bus accident. That action has been stayed pending the outcome of the county's criminal proceeding.

By notice of motion dated October 29, 1997, defendants moved for a stay of the instant civil action in New York County. In support of the motion, defendants argued that in view of the unresolved criminal proceedings in New Jersey, Benoit intended to assert his Fifth Amendment privilege against self incrimination in the New York civil action. Defendants contend that as the driver of the bus, which was owned and maintained by Benoit's co-defendants, Benoit's testimony was both necessary and critical to a competent defense of the civil action. Thus, without his testimony, defendants would have no defense.

Plaintiff argued that defendants were not entitled to a stay because Benoit had failed to file an answer. Plaintiff also

claimed that a stay was unwarranted because discovery had been completed.

The IAS Court denied defendants' motion for a stay. Although noting defendants' argument that Benoit would invoke his Fifth Amendment right against self incrimination if the civil action proceeded to trial, the court implicitly rejected that argument by stating that discovery had already been completed and that there was no indication as to when the criminal proceeding would commence, if at all. Thus, the court found that plaintiff would be prejudiced if the civil action were delayed. Trial of the civil action was scheduled to commence on June 10, 1998.

In an order entered May 19, 1998, this Court granted defendants' motion for a stay of trial of the civil action pending resolution of this appeal. Apparently, trial of the criminal action is now scheduled to commence in December, 1998.

On appeal, defendants contend that the IAS Court erred in not granting a stay of the civil action in New York County pending resolution of the criminal proceeding against the bus driver in New Jersey.

The principle is well settled that a motion pursuant to CPLR 2201 seeking to stay a civil action pending resolution of a related criminal action is directed to the sound discretion of the trial court (*Matter of Kopf [Doublekay Contr. Corp.—United States]*, 169 AD2d 428). Factors to consider include avoiding the risk of inconsistent adjudications, application of proof and potential waste of judicial resources (*Zonghetti v Jeromack*, 150 AD2d 561, 563). A compelling factor is a situation where a defendant will invoke his or her constitutional right against self incrimination (*DeSiervi v Liverzani*, 136 AD2d 527, 528).

Although discovery may have been completed, which would militate against granting a stay, nothing in the record indicates that Benoit has given any deposition testimony. In the event plaintiff calls on Benoit to testify in the civil action, a likely event, Benoit's counsel has indicated that he clearly intends to invoke his right against self incrimination given the severity of the pending criminal charges against him. Defendants have demonstrated that without Benoit's critical and necessary testimony in the civil action they would be unable to assert a competent defense. Under these circumstances, while there may be prejudice to plaintiff by the delay, his prejudice is not as severe as defendants would suffer without a stay. Plaintiff retains the right to move to vacate the stay in the event the criminal proceeding is not commenced within a reasonable period of time. Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Andrias and Saxe, JJ.