In the Matter of the Arbitration between PERCEPTRON, INC., Respondent, and THOMAS S. VOGELSONG, Respondent. PHOTON VISION SYSTEMS, INC., Appellant. [824 NYS2d 521]—

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered March 29, 2005 in a special proceeding pursuant to CPLR article 75. The order, among other things, dismissed the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner, Perceptron, Inc. (Perceptron), obtained an arbitration award against respondent Photon Vision Systems, Inc. (PVS) and commenced an action to enforce it in the courts of the State of Michigan. After that action had been pending for nearly a year, PVS commenced this special proceeding pursuant to CPLR article 75 seeking to vacate the arbitration award and to enjoin Perceptron from enforcing the award. Supreme Court declined to enjoin the Michigan proceedings and dismissed the petition under the first-to-file rule (*see* CPLR 3211 [a] [4]).

"As a matter of New York [State] policy, the rule has been stated that ' "proceedings begun in another State should not be interfered with unless there is some necessity clearly shown . . . . Generally the court which has first taken jurisdiction is the one in which the matter should be determined and it is a violation of the rules of comity to interfere" ' " (*White Light Prods. v On The Scene Prods.*, 231 AD2d 90, 96 [1997], quoting *City Trade & Indus., Ltd. v New Cent. Jute Mills Co.*, 25 NY2d 49, 58 [1969]). PVS failed to establish the existence of special circumstances that would warrant restraining the foreign action (*cf. San Ysidro Corp. v Robinow*, 1 AD3d 185, 186 [2003]). Thus, the court did not abuse its discretion in declining to interfere with the Michigan action and dismissing the petition (*see generally Whitney v Whitney*, 57 NY2d 731 [1982]).

We reject the further contention of PVS that Perceptron's use of an attorney's affidavit, in response to the petition of PVS, did not constitute a valid opposition to the petition. "The affidavit or affirmation of an attorney, even if he has no personal knowledge of the facts, may, of course, serve as the vehicle for the submission of acceptable attachments which do provide 'evidentiary proof in admissible form,' e.g., documents [and] transcripts" (*Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). Consequently, the court correctly considered the materials submitted by means of the attorney's affidavit. Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.