# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**545**

**CA 10-02393**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GORSKI, AND MARTOCHE, JJ.

---

JOSEPH D. BURGDORF,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KENNETH G. KASPER, 1660 GRAND ISLAND
BOULEVARD, INC., BRIDAL VEIL TOURS, INC.,
PHYLLIS I. KASPER, DOING BUSINESS AS
ALGIERS MOTEL,
DEFENDANTS-RESPONDENTS-APPELLANTS,
ET AL., DEFENDANTS.

---

THE WOLFORD LAW FIRM LLP, ROCHESTER (DAVID C. PILATO OF COUNSEL), FOR
PLAINTIFF-APPELLANT-RESPONDENT.

MARK R. UBA, WILLIAMSVILLE (CHRISTINE D. UBA OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court,
Niagara County (Richard C. Kloch, Sr., A.J.), entered June 10, 2010.
The order, among other things, denied those parts of plaintiff's
motion and defendants' cross motion seeking partial summary judgment,
and granted that part of defendants' cross motion seeking a stay.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of plaintiff's
motion for partial summary judgment on liability with respect to the
second cause of action and those parts of defendants' cross motion for
partial summary judgment dismissing the third and fourth causes of
action insofar as they pertain to business entities that are not
operated by defendant Kenneth G. Kasper and as modified the order is
affirmed without costs.

Memorandum: Plaintiff commenced this action for, inter alia,
breach of a settlement agreement and a consulting agreement
(collectively, agreements) between plaintiff and defendant Kenneth G.
Kasper. Plaintiff moved for, inter alia, partial summary judgment
seeking declarations that defendants owed him $420,000 in installment
payments pursuant to the consulting agreement, 7.5% of gross revenue
of "[d]efendants and any other person or business entity with whom . .
. Kenneth G. Kasper is connected, directly or indirectly, doing
business at [the premises in question]," excluding commissions on
hotel referrals, and 50% of the hotel referral commissions paid to
"[d]efendants and any other person or business entity with whom . . .

Kenneth G. Kasper is connected, directly or indirectly, doing business at the [p]remises . . ., regardless of whether [Kenneth] Kasper actually received such revenue." Plaintiff also sought a declaration that Kenneth Kasper is connected " 'directly or indirectly,' within the meaning of the terms of the [c]onsulting [a]greement, with at least two business entities that have done business, or are doing business, at the [p]remises . . . ." Defendants cross-moved for partial summary judgment seeking a declaration that the agreements do not require defendants to pay plaintiff a portion of the revenues of unrelated businesses on the premises that are not owned or operated by Kenneth Kasper and seeking a stay of the action pursuant to CPLR 2201 pending the resolution of a federal criminal proceeding against Kenneth Kasper. Plaintiff appeals and defendants cross-appeal from an order that, inter alia, denied those parts of the motion and cross motion for partial summary judgment and granted that part of the cross motion seeking a stay.

We note at the outset that, although the parties sought declaratory relief in the motion and cross motion, there is no need to grant declaratory relief where the issues concern the merits of the breach of contract causes of action (*see generally James v Alderton Dock Yards*, 256 NY 298, 305, *rearg denied* 256 NY 681; *Harris v Town of Mendon*, 284 AD2d 988). Contrary to plaintiff's contention on appeal, Supreme Court properly denied those parts of his motion for partial summary judgment with respect to defendants' liability for percentages of the gross revenue and hotel referral payments from business entities that are not operated by Kenneth Kasper (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). "It is 'elementary' that 'clauses of a contract should be read together contextually in order to give them meaning' " (*Diamond Castle Partners IV PRC, L.P. v IAC/InteractiveCorp*, 82 AD3d 421, ___ [Mar. 3, 2011]). Read together, we conclude that the agreements provide that plaintiff is entitled to a percentage of the gross revenues produced by businesses "operated by [Kenneth] Kasper" on the premises. Although the consulting agreement provides plaintiff with a percentage of gross revenues of, inter alia, business entities "with [which Kenneth] Kasper is connected, directly or indirectly," that phrase is defined by the settlement agreement as businesses that are "operated by [Kenneth] Kasper." "[I]t is a cardinal rule of construction that a court adopt an interpretation that renders no portion of the contract meaningless" (*Diamond Castle Partners IV PRC, L.P.*, 82 AD3d at ___ [internal quotation marks omitted]; *see Green Harbour Homeowners' Assn., Inc. v G.H. Dev. & Constr., Inc.*, 14 AD3d 963, 965). Moreover, "where two seemingly conflicting contract provisions reasonably can be reconciled, a court is required to do so and to give both effect" (*HSBC Bank USA v National Equity Corp.*, 279 AD2d 251, 253 [internal quotation marks omitted]). To define the agreements in the manner suggested by plaintiff would render that portion of the settlement agreement regarding businesses "operated by [Kenneth] Kasper" meaningless (*see Diamond Castle Partners IV PRC, L.P.*, 82 AD3d at ___). For the same reasons, we conclude that the court properly denied that part of plaintiff's motion seeking an accounting to permit plaintiff to calculate the amounts allegedly owed to him pursuant to the consulting agreement (*see id.*).

Inasmuch as plaintiff is not entitled to gross revenue payments or hotel referral payments arising from business entities that are not operated by Kenneth Kasper, we agree with defendants on their cross appeal that the court erred in denying those parts of their motion for partial summary judgment dismissing the third cause of action, alleging a breach of the agreements with respect to gross revenue payments, and the fourth cause of action, alleging a breach of the agreements with respect to hotel referral payments, insofar as those causes of action pertain to business entities that are not operated by Kenneth Kasper. We therefore modify the order accordingly. Contrary to plaintiff's contention, the affirmation of defendants' attorney was properly used "as the vehicle for the submission of acceptable attachments [that] provide 'evidentiary proof in admissible form,' " including the agreements (*Zuckerman*, 49 NY2d at 563; *see Matter of Perceptron, Inc. [Vogelsong]*, 34 AD3d 1215; *Grossberg Tudanger Adv. v Weinreb*, 177 AD2d 377, 378).

We conclude, however, that the court erred in denying that part of plaintiff's motion seeking partial summary judgment on liability with respect to the second cause of action, alleging a breach of the agreements based on defendants' failure to pay him installment payments, and we therefore further modify the order accordingly. Plaintiff established his entitlement to judgment as a matter of law with respect to that part of the motion, and defendants offered no evidence in opposition (*see generally Zuckerman*, 49 NY2d at 562).

We reject plaintiff's further contention on his appeal that the court erred in granting that part of defendants' cross motion for a stay of the action. "[A] motion pursuant to CPLR 2201 seeking to stay a civil action pending resolution of a related criminal action is directed to the sound discretion of the trial court" (*Britt v International Bus Servs.*, 255 AD2d 143, 144; *see Peluso v Red Rose Rest., Inc.*, 78 AD3d 802; *Britt v Buffalo Mun. Hous. Auth.*, 63 AD3d 1593). Here, the court did not abuse its discretion in granting that part of defendants' cross motion for a stay because both this action and the pending criminal proceeding are " 'sufficiently similar such that the goals of preserving judicial resources and preventing an inequitable result are properly served' " in granting a stay (*Finger Lakes Racing Assn. v New York Racing Assn.*, 28 AD3d 1208, 1209).

Entered:  April 29, 2011                        Patricia L. Morgan
                                                Clerk of the Court