OPINION OF THE COURT
Scott Fairgrieve, J.
Respondent has made a motion for a stay of the holdover proceeding due to the fact that respondent is the subject of a related criminal proceeding pending in Nassau County for misdemeanor assault charges. Petitioner opposes the motion.
Petitioner has commenced a holdover proceeding against respondent concerning apartment No. 4-0, located at 20 Totten Place, Hempstead, New York. Petitioner alleges that respondent assaulted another tenant as follows in paragraph 5 of the petition:
"The term for which said Premises were rented by the Respondent tenants expired and terminated on March 31, 2015, pursuant to the provisions of the aforesaid lease, after the default of the tenants thereunder. The tenants defaulted under said lease as follows: On or about January 22, 2015 tenant assaulted another tenant with a cane, causing him bodily harm/injury and to be taken to the hospital and causing tenant to be arrested. This is a violation of paragraphs VII(K) and VII(L)1 and grounds for termination of the lease under paragraph XII(4) and XII(12) of the lease agreement.”
The verified answer dated October 9, 2015 denies the allegations of paragraph 5 of the petition. The verified answer contains the third affirmative defense which states that even if the allegations are proved, this would not be a material breach of the lease.
Deborah Moorer states in her affidavit, dated October 23, 2015, that she denies the allegations of the charges against her. Respondent intends to invoke her Fifth Amendment privilege in this holdover proceeding because:
"3. I deny the allegations against me, and I intend to prove my innocence in the criminal matter by trial.
"4. My attorney advises me that prior to a hearing in the criminal matter, any statements I make in civil court could be used against me in a later proceeding.
“5. My criminal defense attorney advised me to exercise my constitutional right under the Fifth *954 Amendment of the United States Constitution in this civil matter unless it is heard after the criminal matter.
“6. My criminal defense attorney advised me that testifying in this matter effectively sacrifices my right to exercise the Fifth Amendment in my criminal trial, as my testimony in the civil matter becomes public record.
“7.1 wish to preserve my constitutional rights while for fighting for my acquittal and defeat of this summary eviction proceeding, and I ask the Court to stay this matter pending the outcome of my criminal trial.
“8. My next appearance in the criminal matter is scheduled for November 25, 2015 and I hope to schedule a trial for that matter as soon as possible.”
Petitioner states that this matter was filed on April 21, 2015 and respondent has waited too long to make the application for a stay because this matter was scheduled for trial on November 23, 2015. Basically, petitioner is arguing that it will be prejudiced by the delay in not proceeding to immediate trial.
In response, respondent argues that an unfavorable inference will be drawn from her failure to testify (citing Marine Midland Bank v Russo Produce Co., 50 NY2d 31 [1980]) and that respondent’s defense against the holdover proceeding will be “severely limited” because she will invoke her Fifth Amendment right against self-incrimination.
In DeSiervi v Liverzani (136 AD2d 527 [2d Dept 1988]) the Court upheld a stay of the action to declare the assignment of a mortgage null and void pending the resolution of the criminal action against the defendant Peter L. Cavalier. Mr. Cavalier was charged with causing a forged assignment of a mortgage to be recorded. The Second Department noted that a defendant does not have an absolute right under the U.S. or New York State Constitutions for a stay of a civil action pending the resolution of the criminal proceeding. However, the Court found that the protection of the defendant’s right to invoke the Fifth Amendment against self-incrimination takes precedence over any inconvenience and delay to the plaintiff.
In other words, defendant Peter L. Cavalier should be allowed to resolve the pending criminal action without having to sacrifice his defense in the civil action.
In the case at bar, the respondent’s right against self-incrimination is more important than any prejudice and delay *955 suffered by petitioner. Respondent faces losing the apartment she has occupied since 2002. Respondent will not be able to properly defend herself in the holdover proceedings because any statement which she makes can be used against her in the criminal action. Loss of housing and facing up to a year in jail are daunting consequences which respondent faces if she loses both actions.
In Britt v International Bus Servs. (255 AD2d 143, 144 [1st Dept 1998]), the Court granted a stay of the New York civil action pending resolution of the New Jersey criminal prosecution because
“ [defendants have demonstrated that without Benoit’s critical and necessary testimony in the civil action they would be unable to assert a competent defense. Under these circumstances, while there may be prejudice to plaintiff by the delay, his prejudice is not as severe as defendants would suffer without a stay. Plaintiff retains the right to move to vacate the stay in the event the criminal proceeding is not commenced within a reasonable period of time.”
Based upon the above, this holdover proceeding is stayed until resolution of the criminal proceeding. However, this court will closely monitor the status of the criminal action periodically. (See DeSiervi v Liverzani.)
Once the criminal matter is concluded, this case will immediately be tried.