██ HENRY MOOK et al., Appellants, v HOMESAFE AMERICA, INC., et al., Defendants, and GUY SAMUEL, Respondent. [41 NYS3d 759]—

Appeal from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered December 9, 2014. The order, insofar as appealed from, in effect, granted that branch of the motion of the defendant Guy Samuel which was to stay the action insofar as asserted against him pending the resolution of a related criminal proceeding.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

This action was commenced against Guy Samuel and others, alleging fraud, breach of contract, and other wrongful conduct relating to his company Homesafe America, Inc. (hereinafter Homesafe), which purported to provide mortgage modification services to homeowners. Samuel did not answer the original complaint, and the original plaintiffs obtained a default judgment against him in the principal sum of $23,165.55. The complaint was thereafter amended to add additional customers of Homesafe as plaintiffs. Shortly after leave to amend the complaint was granted, Samuel was indicted on federal criminal charges of wire fraud and conspiracy to commit wire fraud in connection with a scheme to defraud homeowners through Homesafe and other companies. Thereafter, Samuel indicated that he intended to invoke his Fifth Amendment right against self-incrimination in this action. Samuel moved to stay the action insofar as asserted against him pending resolution of the related criminal proceeding, excepting enforcement of the default judgment previously obtained against him under the original complaint, and for leave to serve and file a late answer within 30 days after the stay is lifted. In an order entered December 9, 2014, the Supreme Court, in effect,

granted the motion. The plaintiffs appeal from so much of the order as, in effect, granted that branch of the motion which was to stay the action insofar as asserted against Samuel pending resolution of the related criminal proceeding.

A motion pursuant to CPLR 2201 to stay a civil action pending resolution of a related criminal action is directed to the sound discretion of the trial court (*see Burgdorf v Kasper*, 83 AD3d 1553, 1556 [2011]; *Matter of Astor*, 62 AD3d 867, 868-869 [2009]; *Britt v International Bus Servs.*, 255 AD2d 143, 144 [1998]). "Factors to consider include avoiding the risk of inconsistent adjudications, [duplication] of proof and potential waste of judicial resources. A compelling factor is a situation where a defendant will invoke his or her constitutional right against self incrimination" (*Britt v International Bus Servs.*, 255 AD2d at 144 [citation omitted]; *see Zonghetti v Jeromack*, 150 AD2d 561, 563 [1989]; *DeSiervi v Liverzani*, 136 AD2d 527, 528 [1988]). "Although the pendency of a criminal proceeding does not give rise to an absolute right under the United States or New York State Constitutions to a stay of a related civil proceeding . . . there is no question but that the court may exercise its discretion to stay proceedings in a civil action until a related criminal dispute is resolved" (*Matter of Astor*, 62 AD3d at 868-869 [internal quotation marks omitted]).

Here, this action and the criminal proceeding against Samuel arise from the same facts. While a stay may cause inconvenience and delay to the plaintiffs, the failure to grant the stay would cause Samuel to "suffer the severe prejudice of being deprived of a defense" (*Matter of Astor*, 62 AD3d at 869; *see Britt v International Bus Servs.*, 255 AD2d at 144). Moreover, a prior determination in the criminal proceeding could have collateral estoppel effect in this action, thereby simplifying the issues (*see DeSiervi v Liverzani*, 136 AD2d at 528). Accordingly, the Supreme Court providently exercised its discretion by, in effect, granting a stay of the action insofar as asserted against Samuel pending resolution of the related criminal proceeding against him (*see Burgdorf v Kasper*, 83 AD3d at 1556; *Cornier v Massanova*, 35 AD3d 341 [2006]; *Britt v International Bus Servs.*, 255 AD2d 143 [1998]; *DeSiervi v Liverzani*, 136 AD2d 527 [1988]). Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.