Cohen v Gordon & Silber, PC (2023 NY Slip Op 02968)

Cohen v Gordon & Silber, PC

2023 NY Slip Op 02968

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Oing, J.P., Moulton, Kennedy, Mendez, JJ. 

Index No. 653458/20 Appeal No. 408 Case No. 2022-05070 

[*1]Arthur G. Cohen, Individually and Derivatively on Behalf of Gordon & Silber, PC, Plaintiff-Appellant,
v
Gordon & Silber, PC, et al., Defendants-Respondents.

Morrison Tenenbaum, PLLC, New York (Neil L. Postrygacz of counsel), for appellant.
Litchfield Cavo, LLP, New York (Michael Dvorkin of counsel), for respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about October 14, 2022, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for a stay of the proceedings in this action, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying plaintiff's application for a stay pending resolution of a related criminal action (see Asher v Abbott Labs., 307 AD2d 211, 211 [1st Dept 2003]; Zonghetti v Jeromack, 150 AD2d 561, 563 [2d Dept 1989]). In rendering a decision on such an application, the court will consider a number of factors, including whether a defendant intends to "invoke his or her constitutional right against self-incrimination" (Mook v Homesafe Am., Inc., 144 AD3d 1116, 1117 [2d Dept 2016], quoting Britt v International Bus Servs., 255 AD2d 143 [1st Dept 1998]). Although the intention to invoke the right against self-incrimination is a compelling factor, a court is not obliged to stay a civil proceeding simply because a related criminal matter is pending (see Fortress Credit Opportunities I LP v Netschi, 59 AD3d 250, 250 [1st Dept 2009]; Access Capital v DeCicco, 302 AD2d 48, 51 [1st Dept 2002]).
The court imposed a stay before the one at issue on this appeal, but made that stay contingent on defendant's filing of his criminal motion by a date certain and declined to vacate the note of issue. Plaintiff admits he failed to file the criminal motion by the date certain, instead filing the motion one week after that date. Even so, Supreme Court made clear that it was denying the second stay application for several reasons, only one of which pertained to the delayed motion filing in the criminal matter. For example, plaintiff did not make the second application for a stay until after he was deposed and after he had already certified in the note of issue that discovery was complete (cf. Mook, 144 AD3d at 117). Furthermore, as Supreme Court noted, the motion to dismiss the criminal case was only a partial motion to dismiss, raising the possibility that the criminal case could continue for years and deprive defendants of their right to a reasonably timely disposition of the civil case.
Plaintiff's assertion that he would be deprived of a defense in the absence of a stay, is unavailing in light of the court's previous order precluding plaintiff from testifying on any matter for which he had invoked his Fifth Amendment privilege at his deposition — a ruling that plaintiff did not appeal. As a result, there is no merit to plaintiff's suggestion that once the criminal case is over, he will be free to answer questions in the civil matter.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023