| |
|---|
| **Ramirez v Issa** |
| 2024 NY Slip Op 33488(U) |
| September 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652676/2024 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------X

CESAR RAMIREZ, ADRIANA RODRIGUEZ,

|  |  |
|---|---|
|  | **INDEX NO.** 652676/2024 |
| Petitioners, | |
| | **MOTION DATE** 05/24/2024, 07/08/2024 |
| - v - | |
| MONEER ISSA, MANHATTAN FARE CORP., 431 FOOD MARKET CORP. | **MOTION SEQ. NO.** 001 002 |
| Respondents. | **DECISION + ORDER ON MOTION** |

-----------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 6, 7, 8, 9, 11

were read on this motion for _____ DISSOLUTION _____.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44

were read on this motion to _____ STAY _____.

In this action, Petitioners Cesar Ramirez ("Ramirez") and Adriana Rodriguez (collectively, "Petitioners"), individually and as stockholders of Manhattan Fare Corp. (the "Manhattan Fare"), move for judicial dissolution of the Manhattan Fare pursuant to the BCL 1104-a (Mot. Seq. 001).

Respondents Moneer Issa ("Issa"), Manhattan Fare, and 431 Food Market Corp. (collectively, "Respondents") move pursuant to CPLR 2201 to stay this action in favor of the first-filed pending action entitled *Cesar Ramirez et al. v Moneer Issa et al.*, Index No. 521206/2023 (Sup Ct, Kings County) (the "Kings County Action") (Mot. Seq. 002). Petitioners filed a cross-motion for an order, pursuant to BCL 1104(a) (1) and CPLR 6401, for the appointment of a Temporary Receiver for Manhattan Fare pending dissolution.

652676/2024 RAMIREZ, CESAR ET AL vs. ISSA, MONEER ET AL
Motion No. 001 002

Page 1 of 5

1 of 5

For the following reasons, Respondents' motion is granted, and Petition for dissolution is stayed pending resolution of the King's County Action.

## BACKGROUND

As relevant here, Petitioners are the joint 50 percent owners of Manhattan Fare, which in turn is the owner and operator of a restaurant known as Chef's Table, located at 431 West 37th Street, New York (NYSCEF 1 ["Petition"] ¶¶3-4). Respondent Moneer Issa holds the other 50 percent of Manhattan Fare (*id.* ¶5). The Stockholders Agreement, dated January 1, 2022, Moneer Issa is the President of Manhattan Fare and responsible for all financial and administrative affairs (Petition ¶15). The Agreement designated Ramirez as the Executive Chef at Chef's Table (*id.*). The Stockholders Agreement provided that all decisions on behalf of the corporation required unanimous consent of both Issa and Ramirez (*id.* ¶16).

According to the Petition, on July 1, 2023, Issa terminated Ramirez's employment at Chef's Table, alleging theft of company property and allegedly "threatened to kill him" (*id.* ¶18). Issa further claimed to have cancelled the Stockholders Agreement and Ramirez's stock ownership (*id.* ¶¶19-20, 28). In addition, Issa filed a criminal complaint against Ramirez with the New York City Police Department, leading to Ramirez's arrest (*id.* ¶19). On July 1, 2023, Issa also closed Chef's Table restaurant, and the restaurant re-opened in October 2023 (*id.* ¶23).

Following the July 1 incident, Petitioners allege that despite having re-opened the restaurant of Chef's Table as of October 4, 2024, and receiving several distributions through June 20, 2023, which were from restaurant operations prior to and dating back from January 1, 2023 through June 30, 2023, Petitioners have not been provided any information or distributions about the business of Manhattan Fare to the date of the commencement of the instant proceeding (*id.* ¶24).

652676/2024  RAMIREZ, CESAR ET AL vs. ISSA, MONEER ET AL
Motion No. 001 002

Page 2 of 5

[* 2]

## DISCUSSION

CPLR 2201 provides that "[e]xcept where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just" (CPLR 2201). "Factors to consider include avoiding the risk of inconsistent adjudications, application of proof and potential waste of judicial resources" (*Britt v Intl. Bus Services, Inc.*, 255 AD2d 143, 144 [1st Dept 1998]). Courts have exercised their discretion to stay actions "pending resolution of the previously commenced related action" (*Belopolsky v Renew Data Corp.*, 41 AD3d 322 [1st Dept 2007]; *see also Minton v Minton*, 277 AD2d 103 [1st Dept 2000] ["The stay was properly granted since the truth of the alleged defamatory statements at issue herein is likely to be decided in the earlier commenced Surrogate's Court proceedings"]; *Buzzell v Mills*, 32 AD2d 897, 897 [1st Dept 1969] ["[A] subsequent action may be stayed pending the trial of a prior action between the same parties where there are overlapping issues and the determination of the prior action may dispose of or limit issues which are involved in the subsequent action"]). A stay may be appropriate even where there is not a complete identity of parties, but there are "overlapping issues and common questions of law and fact, and 'the determination of the prior action may dispose of or limit issues which are involved in the subsequent action'" (*Belopolsky*, 41 AD3d at 322-23 [internal citations omitted]).

Here, the parties in the Kings County Action are the same as the parties in this action. Further, while the issues are not identical, they are overlapping. In the King's County Action, petitioners seek damages for breach of the parties' Stockholders Agreement, related torts, and equitable relief concerning control of the Company. Thus, in both this action and the prior pending Kings County Action depend on whether Ramirez was stealing Company property in breach of his fiduciary duties and contractual obligations of good faith and fair dealing,

652676/2024 RAMIREZ, CESAR ET AL vs. ISSA, MONEER ET AL
Motion No. 001 002

Page 3 of 5

[* 3]

warranting suspension of Issa's contract performance and Ramirez' termination and exclusion from the business.

Furthermore, the King's County Action has been actively litigated, with over 350 docket entries and twenty motions filed. According to Respondents, some of the issues raised in this action were already ruled on or are currently pending in the Kings County Action, including Petitioners' claim for an injunction limiting Company payments to ordinary course business expenses, Petitioners' demand for additional Company business records, and Petitioners' claim for a receiver (*see* NYSCEF 26 [attaching all the orders entered in the King's County Action]).

Petitioners do dispute Respondents' showing that these two actions involve identical parties and identical facts and legal issues. Rather, Petitioners claim this action is different because the Kings County Action seeks relief against Issa individually, while this one seeks relief against the Company in the form of dissolution (NYSCEF 37 at 4). But that does not refute Respondent's argument that the underlying alleged basis for dissolution turns on the same fact and legal issues raised in the Kings County Action.

The Court has considered Petitioners' remaining arguments and finds them unavailing.

Accordingly, Respondents' motion to stay this action pending the resolution of the King's County Action is granted (*Uptown Healthcare Mgt., Inc. v Rivkin Radler LLP*, 116 AD3d 631 [1st Dept 2014] ["The duplication of effort, waste of judicial resources, and possibility of inconsistent rulings in the absence of a stay outweigh any prejudice to plaintiff resulting from the" stay]).

Petitioners' cross-motion for a receiver is denied. The record demonstrates that Petitioners sought the same relief in the King's County Action, which was denied twice by

652676/2024   RAMIREZ, CESAR ET AL vs. ISSA, MONEER ET AL                                    Page 4 of 5
Motion No.  001 002

[* 4]                                                         4 of 5

Justice Ruchelsman (*see* NYSCEF 26). Petitioners cannot use this forum to re-litigate the facts and legal issues already litigated in the Kings County Action.

Accordingly, it is

**ORDERED** that Respondents' Motion for a Stay is **GRANTED**, and the Petition (Mot. Seq. 001) is hereby **stayed** pending the resolution of the King's County Action or further order of the Court; it is further

**ORDERED** that Petitioners' cross-motion is **DENIED**; it is further

**ORDERED** that counsel for Respondents shall serve a copy of this order with Notice of Entry upon the Trial Support Office and the Clerk of the Court, to have to action marked as "stayed"; it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

**ORDERED** that counsel shall file a joint letter on NYSCEF regarding the status of the King's County Action in six (6) months from the date of this Order.

| 9/30/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | JOEL M. COHEN, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**652676/2024 RAMIREZ, CESAR ET AL vs. ISSA, MONEER ET AL**
**Motion No. 001 002**

Page 5 of 5