Dragons 516 Ltd. v GDC 138 E 50 LLC (2025 NY Slip Op 50309(U))

[*1]

Dragons 516 Ltd. v GDC 138 E 50 LLC

2025 NY Slip Op 50309(U)

Decided on March 10, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 10, 2025
Supreme Court, New York County

Dragons 516 Limited, Plaintiff,

against
GDC 138 E 50 LLC, KNIGHTS GENESIS INVESTMENT LIMITED, GENESIS DEVELOPMENT COMPANY LLC, SMI USA GROUP LLC (F/K/A SHANGHAI MUNICIPAL INVESTMENT (GROUP) USA LLC), SMI 138 E 50 ST LLC, IC 50 DEVELOPMENT LLC, 50 LEX DEVELOPMENT LLC, DUNFEI (WILLIAM) CHEN, QIANYI (VINCENT) XIE, JINCHENG (JASON) YUAN, JIA JU (TOM) TAO, Defendants.

Index No. 651690/2019

Robert R. Reed, J.

In this action, it is alleged that defendants participated in a fraudulent scheme to induce plaintiff to make a $30 million investment. On February 13, 2025, Kevin Feng Gao, Chief Investment Officer of defendant SMI USA Group LLC, was arrested and arraigned on an indictment charging him with bank fraud. That same day, a search warrant was executed on the offices of defendant SMI USA by the Federal Bureau of Investigation (FBI). The indictment and ongoing grand jury proceedings purportedly stem from the exact transaction and events at issue herein, namely, a "scheme to defraud" an FDIC insured bank by the unauthorized opening of an account, and the fraudulent transfer of $30 million from the unauthorized account to an investment company under Gao's exclusive control. Plaintiff is allegedly named in the indictment as a complaining witness, and the 50 Lex defendants are purportedly owners of the account Gao allegedly acted upon without authorization.
By letter application, counsel for SMI USA Group LLC moves for an order staying this action until completion of the criminal proceedings. Counsel asserts that a stay would further judicial economy as the proceedings share identity of the factual allegations, parties, and claims (Asher v Abbott Laboratories, 307 AD2d 211[1st Dept 2003]). Counsel believes that future [*2]arrests are imminent, and that the imposition of a stay would prevent complications stemming from Gao's anticipated assertion of the right against self-incrimination, and any possible future testimony issues involving other defendants (Britt v Int'l Bus Servs. Inc., 255 AD2d 143, 144 [1st Dept 1998]).
Further, counsel submits that the conditions of Gao's release from federal custody directly impact SMI's ability to defend against this action. Counsel represents that the FBI seized all computers, hard drives, servers, and files belonging to SMI, and that a federal court order prohibits SMI corporate officers and representatives from contacting one another. Counsel for SMI argues that Gao's arrest and the FBI seizure of SMI's books and records essentially frustrate counsel's ability to communicate with his client and to properly formulate a defense of this action, as counsel purportedly cannot discuss the factual circumstances surrounding this action outside of the presence of Gao's criminal defense attorneys.
In opposition, plaintiff argues that a stay of this action is unnecessary because Gao is not a party to this action. By order of this court dated January 6, 2023, Gao was dismissed from this action as a defendant in his individual capacity (NYSCEF doc. no. 220). According to plaintiff, a stay should not be imposed based upon speculation of a looming criminal indictment against other defendants and submits that this court is not obligated to stay proceedings where a non-party expresses his intent to invoke the Fifth Amendment privilege against self-incrimination (In re Kopf, 169 AD2d 428, 429 [1st Dept 1991]).
Courts may grant a stay of proceedings upon such terms as may be just (CPLR § 2201). When deciding whether to issue a stay under section 2201, courts consider "issues of comity, orderly procedure, and judicial economy" (Asher v. Abbott Labs., 307 AD2d 211 [1st Dept 2003]). Courts possess broad discretion to grant stays where appropriate, such as where a separately ongoing proceeding "could dispose of or limit the issues to be resolved in the pending litigation" (Michilli, Inc. v Aquavit, Inc., 71 Misc 3d 1205(A) [NY Sup Ct Apr. 7, 2021]).
Here, it is this court's view that a stay of this civil action is appropriate. Given the nature of the pending criminal action against Gao as chief officer of SMI USA Group LLC, and the substance of the civil claims asserted by plaintiffs herein, a stay of this proceeding will further judicial economy and orderly procedure. The court acknowledges that a stay of an action pending the resolution of a criminal prosecution may cause inconvenience and delay to the plaintiff. Nevertheless, courts have made clear that "the protection of [the] constitutional right against self-incrimination is the more important consideration" (DeSiervi v Liverzani, 136 AD2d 527 [2d Dept 1988]; Asher, 307 AD2d 211]).
Here, the court is unpersuaded that any undue prejudice resulting from a stay of proceedings has been identified — especially, where, as here, several defendants are identified as fact witnesses in the criminal proceeding, and plaintiff is identified as the complaining witness in the criminal proceeding. 
Accordingly, it is hereby
ORDERED that the application of the SMI defendants for an order staying further proceedings in this action, except for an application to vacate or modify said stay, is granted; and it is further
ORDERED that any party may make an application by order to show cause to vacate or modify this stay upon the final determination of the proceeding known as United States v. Kevin Feng Gao, No. 25 Cr. 53, currently pending in the United States District Court of the Southern District of New York; and it is further
ORDERED that counsel for the SMI defendants is directed to serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office within ten days from entry and the Clerk shall mark this matter stayed as herein provided; and it is further
ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website).
DATE March 10, 2025
ROBERT R. REED, J.S.C.