Smartmatic USA Corp. v Fox Corp.

2026 NY Slip Op 02891

May 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Smartmatic USA Corp. et al., Plaintiffs-Respondents,

v

Fox Corporation et al., Defendants-Appellants, Sidney Powell, Defendant.

Decided and Entered: May 07, 2026

Index No. 151136/21|Appeal No. 6565|Case No. 2025-08190|

Before: Moulton, J.P., Gesmer, Higgitt, Michael, Chan, JJ.

Kirkland & Ellis LLP, New York (Kenneth Winn Allen of the bar of the District of Columbia and State of Georgia, admitted pro hac vice, of counsel), for appellants.

Benesch, Friedlander, Coplan & Aronoff LLP, New York (David Pope of the bar of the State of Illinois, admitted pro hac vice, of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about December 2, 2025, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Fox Corporation, Fox News Network, LLC, Debi Dobbs, as Administrator of the Estate of Lou Dobbs, deceased, Maria Bartiromo, and Jeanine Pirro to vacate, in part, Judicial Hearing Officer Alan Marin's October 14, 2025 report, and denied their separate motion to stay the action pending resolution of a separate criminal proceeding against plaintiff SGO Corporation Limited (Smartmatic) and vacate the Note of Issue, unanimously modified, on the law, to the extent of vacating so much of the JHO report as denied discovery to defendants with respect to the allegations in the criminal proceeding involving Los Angeles County, and granting defendants' request to conduct such discovery, to the same extent as discovery has been permitted to go forward with respect to the allegations involving Venezuela, and the motion to stay and vacate the note of issue granted to the extent of vacating the note of issue for the limited purpose of allowing discovery regarding the impact of the superseding indictment in the criminal proceeding on plaintiffs' business, and otherwise affirmed, without costs.

The court providently exercised its discretion in denying a stay of this action pending resolution of the separate, federal criminal proceedings against Smartmatic and its executives, since none of the factors traditionally considered, such as risk of inconsistent adjudications, duplication of proof, or waste of judicial resources, applies (see Britt v International Bus Servs., 255 AD2d 143, 144 [1st Dept 1998]; Mook v Homesafe Am., Inc., 144 AD3d 1116, 1117 [2d Dept 2016]). The federal criminal action concerns unrelated allegations that Smartmatic and its executives violated the Foreign Corrupt Practices Act by bribing government officials in connection with a 2016 election in the Philippines, which will not be decisive of the issues in the instant case, in which plaintiffs allege that defendants defamed them by reporting that Smartmatic engaged in vote-rigging in connection with the 2020 United States Presidential election. Although plaintiffs' executives repeatedly invoked the Fifth Amendment in their deposition testimony in this action, this is not sufficient under the circumstances to warrant a stay.

[*2]

The note of issue should, however, be vacated for the limited purpose of allowing discovery regarding the impact of the superseding indictment on plaintiffs' business (see Uniform Rules for Trial Courts [22 NYCRR] § 202.21 [e]). Vacatur is warranted upon a showing of good cause, which "is established when the movant demonstrates unusual or unanticipated circumstances and substantial prejudice" (Lituma v Liberty Coca-Cola Beverages LLC, 243 AD3d 504, 504 [1st Dept 2025] [internal quotation marks and brackets omitted]). This Court previously held that information related to the impact of the federal criminal action on plaintiffs' business is "plainly relevant to [plaintiffs'] current and future lost profits" and discoverable regardless of ultimate admissibility (Smartmatic USA Corp. v Fox Corp., 238 AD3d 526, 527-528 [1st Dept 2025] [hereinafter Smartmatic I]). The filing of the superseding indictment, which added Smartmatic as a defendant, was both an unusual and unanticipated circumstance, and defendants would be substantially prejudiced by the disallowance of discovery with respect to the impact of the superseding indictment.

The JHO report struck an appropriate balance, consistent with the logic of this Court's prior ruling, by allowing discovery "regarding the effect on Smartmatic's business of the facts described in" the federal government's August 1, 2025 Notice of Intent to Use Evidence Supporting the Charged Bribery and Money Laundering Conduct (the Evidentiary Notice) but not regarding the truthfulness of the allegations therein (see Smartmatic I, 238 AD3d at 527-528; see also Crane v New York World Tel. Corp., 308 NY 470, 478 [1955]; Fraser v Park Newspapers of St. Lawrence, 257 AD2d 961, 962 [3d Dept 1999]; Manzo v Westchester Rockland Newspapers, 106 AD2d 492, 492 [2d Dept 1984]). The JHO and the motion court, however, should not have distinguished between the allegations regarding activity in Venezuela and Los Angeles County for purposes of discovery into the Evidentiary Notice. The notice added new substantive allegations about conduct that occurred in both of those jurisdictions, and thus defendants would be substantially prejudiced by preventing discovery into the impact of those allegations on Smartmatic (see Uniform Rules for Trial Courts [22 NYCRR] § 202.21 [d]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 7, 2026