Harrison v 160-01 Jamaica Ave. Corp.
2026 NY Slip Op 02970
May 13, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Paul Harrison, respondent,
v
160-01 Jamaica Ave. Corp., et al., defendants, Atlantic Maintenance Corp., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 13, 2026
2022-00456, (Index No. 517306/17)
Francesca E. Connolly, J.P.
Valerie Brathwaite Nelson
Barry E. Warhit
Lourdes M. Ventura, JJ.

Wade Clark Mulcahy LLP, New York, NY (Brian Gibbons, Marium Sulaiman, and Drew Fryhoff of counsel), for appellant.
Jonathan D. Mandell, Lynbrook, NY (Stephanie L. Schachter of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Atlantic Maintenance Corp. appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 16, 2021. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 2201 to stay the action and pursuant to 22 NYCRR 202.21 to vacate the note of issue.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the defendant Atlantic Maintenance Corp. which was pursuant to 22 NYCRR 202.21 to vacate the note of issue, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In September 2017, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in November 2016, when he tripped and fell on a sidewalk abutting certain commercial property. In June 2021, the plaintiff filed the note of issue and certificate of readiness, indicating that discovery in the action was complete. In November 2021, the defendant Atlantic Maintenance Corp. (hereinafter Atlantic), moved, inter alia, pursuant to CPLR 2201 to stay the action and pursuant to 22 NYCRR 202.21 to vacate the note of issue on the ground that the plaintiff's prior attorney had been indicted in August 2021, among other things, on charges of wire and mail fraud related to allegedly fraudulent lawsuits arising from staged trip-and-fall accidents. In an order dated December 16, 2021, the Supreme Court, inter alia, denied those branches of Atlantic's motion. Atlantic appeals.
"A motion pursuant to CPLR 2201 to stay a civil action pending resolution of a related criminal action is directed to the sound discretion of the trial court" (Mook v Homesafe Am., Inc., 144 AD3d 1116, 1117; see Burgdorf v Kasper, 83 AD3d 1553, 1556). "Factors to consider include avoiding the risk of inconsistent adjudications, [duplication] of proof and potential waste of judicial resources. A compelling factor is a situation where a defendant will invoke his or her constitutional right against self incrimination" (Mook v Homesafe Am., Inc., 144 AD3d at 1117 [internal quotation marks omitted]; see Zonghetti v Jeromack, 150 AD2d 561, 563).
Here, the Supreme Court providently exercised its discretion in denying that branch [*2]of Atlantic's motion which was pursuant to CPLR 2201 to stay the action. Atlantic failed to establish that this action and the criminal proceeding against the plaintiff's prior attorney arise from the same facts. Neither the plaintiff nor this action are mentioned in the indictment of the plaintiff's prior attorney, and no party to this action is the subject of the indictment. Moreover, there is no evidence that a prior determination in the criminal proceeding could have a "collateral estoppel effect in this action" (Mook v Homesafe Am., Inc., 144 AD3d at 1117). Further, Atlantic failed to establish that the failure to grant a stay would cause it to "suffer the severe prejudice of being deprived of a defense" (Matter of Astor, 62 AD3d 867, 869; see Mook v Homesafe Am., Inc., 144 AD3d at 1117).
However, the Supreme Court should have granted that branch of Atlantic's motion which was pursuant to 22 NYCRR 202.21 to vacate the note of issue. A motion to vacate a note of issue is addressed to the sound discretion of the Supreme Court (see Echavarria v Rego Park Gardens Owners, Inc., 240 AD3d 744, 745). Pursuant to 22 NYCRR 202.21(e), within 20 days after service of a note of issue and certificate of readiness, any party to the action may move to vacate the note of issue. "Where a party's motion to vacate a note of issue is timely, the party is required only to demonstrate why the case is not ready for trial" (Plenty v New York City Tr. Auth., 229 AD3d 571, 573 [internal quotation marks omitted]; see 22 NYCRR 202.21[e]). However, where, as here, the motion is not timely, the party seeking relief must meet the more difficult standard of 22 NYCRR 202.21(d) (see Audiovox Corp. v Benyamini, 265 AD2d 135, 138), which requires the movant to demonstrate that "unusual or unanticipated circumstances [have] develop[ed] subsequent to the filing of [the] note of issue . . . which require additional pretrial proceedings to prevent substantial prejudice" (22 NYCRR 202.21[d]; see C Castle Group Corp. v Herzfeld & Rubin, P.C., 211 AD3d 1006, 1006; Audiovox Corp. v Benyamini, 265 AD2d at 138-140). Under the circumstances of this case, Atlantic demonstrated that unusual or unanticipated circumstances developed subsequent to the filing of the note of issue and that additional discovery is required to prevent substantial prejudice (see C Castle Group Corp. v Herzfeld & Rubin, P.C., 211 AD3d at 1006; Portilla v Law Offs. of Arcia & Flanagan, 125 AD3d 956, 958).
CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court